UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS ESTEP,<br><br>                Plaintiff,<br><br>v.<br><br>GOVERNOR CHARLES BAKER,<br>DANIEL BENNETT, MASSACHUSETTS<br>PAROLE BOARD, PAUL TRESELER,<br>CHARLENE BONNER, TONOMEY<br>COLEMAN, SHEILA DUPRE, INA<br>HOWARD-HOGAN, TINA HURLEY, and<br>LUCY SOTO-ABBE,<br><br>                Defendants. | Civil Action No. 16-12346-LTS |

ORDER ON MOTION TO DISMISS (DOC. NO. 41)

March 5, 2018

SOROKIN, J.

Thomas Estep, a *pro se* plaintiff, filed a Complaint bringing claims under 42 U.S.C. § 1983 arising out his failure to receive parole. The defendants have moved to dismiss.

Plaintiff's claims against Governor Baker and Secretary Bennett are DISMISSED. The Complaint contains no factual allegations setting forth conduct on the part of either defendant sufficient to make out a "plausible entitlement to relief" under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007). Indeed, nothing in the Complaint alleges that either defendant had any part in any of Plaintiff's parole hearings.

Plaintiff's claims against the Parole Board are also DISMISSED. The Parole Board is an agency of the Commonwealth; it is not a "person" for purposes of § 1983. Will v Michigan

<u>Dept. of State Police</u>, 491 U.S. 58, 65 (1989).  Further, the claims against the members of the Parole Board are DISMISSED.  Section 1983 bars injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity […] unless a declaratory decree was violated or declaratory relief was unavailable[.]"  42 U.S.C. § 1983.  Plaintiff seeks injunctive relief arising from actions the Board Members took in their quasi-judicial roles—specifically, their considered denial of parole to Plaintiff.  <u>Johnson v. R.I. Parole Bd. Members</u>, 815 F.2d 5, 8 (1st Cir. 1987) ("[P]arole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the proper scope of their official duties."); <u>Phillips v. Conrad</u>, 2011 WL 309677 (D. Mass. Jan. 28, 2011) ("[P]arole board members and officers performing quasi-adjudicative functions" are "judicial officers […] generally immune from actions seeking injunctive relief" under § 1983.).  The quasi-judicial immunity of these defendants results in dismissal of Plaintiff's claims.[1]

In light of the foregoing, the Court need not consider the other arguments that defendants advance in support of dismissal. Accordingly, the Motion to Dismiss (Doc. No. 41) is ALLOWED.


SO ORDERED.

  /s/ Leo T. Sorokin     
Leo T. Sorokin
United States District Judge

---

[1] The Court takes no position on whether Plaintiff may file a habeas corpus petition challenging the legality of his confinement in light of the allegations of misconduct he levels against the Parole Board and its members.